PER curiam:.
Defendant, Albert Woodfox, appeals from his conviction of aggravated escape (La.R.S. 14:109), for which he was sentenced to fourteen months imprisonment at the Louisiana State Penitentiary, on the basis of six bills of exceptions reserved during trial.
Bills of Exceptions Nos. 1 and 2 were reserved to the trial court’s admittance of certain court records and testimony of the Clerk of the Orleans Parish Prison, which showed that the defendant had been convicted of various felonies prior *938 -to the escape. Aggravated Escape is defined, in part, as “intentional departure from lawfttl custody.” La.R.S. 14:109 (emphasis supplied). Thus, it was •necessary for the State to show the prior .convictions, and that the sentences had not -yet been completely served, in order to es•tablish this essential element of the crime charged. La.R.S. 15:271. The bills are -without merit.
Bills of Exceptions Nos. 3, 4 and 5 •all relate to attempts by defense counsel to introduce evidence of the conditions of Orleans Parish Prison at the time of the -escape. The trial judge properly excluded such evidence as irrelevant to the crime charged. La.R.S. 15:435; 15:441. These bills lack merit.
Bill of Exceptions No. 6 was reserved to the trial judge’s refusal of a motion for new trial on the basis that there was not sufficient evidence to convict the defendant of the crime charged. Four eye witnesses to the crime testified at trial to, and additionally, the defendant himself took •the stand and freely admitted, each and every element of the crime charged. This Court has held that it will not on appeal review the weight and sufficiency of the evidencé if there is evidence which supports the conviction.
For the reasons assigned, the conviction .and sentence are affirmed.